1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**
7                 EASTERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| ROBERT SIMS, | CASE NO. 1:12-cv-00019-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| DIRECTOR PAM AHLIN, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____/ | |

**First Screening Order**

**I.**    **Screening Requirement and Standard**

       Plaintiff Robert Sims, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2012.  The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

       A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.   Discussion

### A.   Summary of Complaint

Plaintiff, who is a civil commitment patient at Coalinga State Hospital (CSH) in Coalinga, California, names Director Pam Ahlin, Psych Tech Sydney Pichardo, Dr. Grafman, and Dr. Gill as defendants. In his very brief statement of claim, Plaintiff alleges that Defendants are illegally forcing him to use medication without a court order and without a real judge or an attorney. Plaintiff seeks $2,000,000.00 in damages.

### B.   Defendant Ahlin

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235, and as CSH Director, Defendant Ahlin may only be held liable if she "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendant Ahlin. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

///

2

1   Here, there are no factual allegations linking Defendant Ahlin to a violation of Plaintiff's

2   rights and his claim against her fails.

3       C.    **Defendants Pichardo, Grafman, and Gill**

4       As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded

5   pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004).

6   Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive

7   component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452

8   (1982).

9       A determination whether Plaintiff's rights were violated requires "balancing of his liberty

10  interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to

11  more considerate treatment and conditions of confinement than criminals whose conditions of

12  confinement are designed to punish," but the Constitution requires only that courts ensure that

13  professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is

14  presumptively valid; liability may be imposed only when the decision by the professional is such a

15  substantial departure from accepted professional judgment, practice, or standards as to demonstrate

16  that the person responsible actually did not base the decision on such a judgment." Id. at 322-23;

17  compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the

18  Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right

19  to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are

20  not similarly situated to those civilly committed).

21      Plaintiff has a substantial liberty interest, grounded in the Due Process Clause, in avoiding

22  the involuntary administration of antipsychotic medication. Washington v. Harper, 494 U.S. 210,

23  229, 110 S.Ct. 1028 (1990). Plaintiff may be involuntarily medicated if he is a danger to himself or

24  others and the treatment is in his best medical interest, but he must be provided with procedural

25  protections to ensure that the decision to medicate him involuntarily is not arbitrary or erroneous.

26  Id. at 227-28.

27      Plaintiff's very brief complaint leaves unclear the circumstances surrounding the

28  administration of medication, including the type of medication and how Defendants Pichardo,

3

Grafman, and Gill were involved.  It is not enough to allege that one is being involuntarily medicated and then name a few names.  Plaintiff must set forth sufficient factual allegations to support his claim that Defendants were personally involved in violating his rights through the involuntary administration of medication.

The Court is mindful that Plaintiff is entitled to have his pleading liberally construed and to have any doubt resolved in his favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  However, the standard is not so lenient as to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79.  The sheer possibility that a defendant has acted unlawfully does not suffice.  Id. at 678 (quotation marks omitted).

**III.   Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The deficiency may be capable of being cured through amendment and therefore, the Court will provide Plaintiff with the opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

4

1

      3.        Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

2

               amended complaint; and

3

      4.        If Plaintiff fails to file an amended complaint in compliance with this order, this

4

               action will be dismissed, with prejudice, for failure to state a claim under section

5

               1983.

6

7

8    IT IS SO ORDERED.

9    **Dated:**    **October 31, 2012**                   /s/ Sheila K. Oberto

10                                   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28